# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DALLAS C. TOTTEN,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0283**  (BOR Appeal No. 2050771)
(Claim No. 2015015023)

**SDR PLASTICS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dallas C. Totten, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SDR Plastics, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2016, in which the Board affirmed an August 19, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's November 25, 2014, decision rejecting Mr. Totten's application for workers' compensation benefits, and the Office of Judges held that there is insufficient factual and medical evidence to substantiate Mr. Totten's assertion that he sustained a compensable injury on October 24, 2014.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Totten alleges that he injured his lumbosacral spine on October 24, 2014, while maneuvering a heavy product while working for SDR Plastics, Inc. On the alleged date of injury,

---

[1] The Office of Judges erroneously listed the date of the claims administrator's decision as November 25, 2015.

1

he sought medical treatment in Jackson General Hospital's emergency department amid complaints of right flank pain, and was diagnosed with a lumbosacral strain. On October 31, 2014, Mr. Totten completed a Report of Injury in which he indicated that he injured his lower back on October 24, 2014, while pulling a heavy product. He listed coworker James Patterson as a witness to the alleged incident. The physician's portion of the application was completed on November 3, 2014, by a staff member of Jackson General Hospital's emergency department and lists his injury as a lumbosacral sprain. The report also indicates that Mr. Totten sustained an occupational injury, but references a non-work-related motor vehicle accident which occurred in December of 2013.

On November 18, 2014, Christopher Shockey, Mr. Totten's shift manager on the alleged date of injury, gave a recorded statement to Steve Jones, an investigator for the claims administrator. Mr. Shockey indicated that on the morning of October 24, 2014, he was assigning specific tasks for the workday when he noticed that Mr. Totten looked unwell, and therefore assigned Mr. Totten a task that did not require a large degree of physical activity. Mr. Shockey noticed that Mr. Totten's discomfort level appeared to increase as the day progressed and during the late morning, Mr. Shockey and Mr. Patterson discovered Mr. Totten kneeling on the ground away from his assigned work area. Mr. Shockey then stated that Mr. Totten informed him that he was experiencing pain in his side, but offered no explanation regarding the source of the pain. Mr. Shockey then indicated that Mr. Totten reported that he could continue to work. When Mr. Shockey returned from lunch, his coworkers informed him that Mr. Totten left his place of employment approximately halfway through his shift. Finally, Mr. Shockey noted that Mr. Totten's employment was ultimately terminated as a result of unexcused absences.

On November 20, 2014, Bobby Coon, SDR Plastics' safety coordinator, gave a recorded statement to Mr. Jones. Mr. Coon stated that on the alleged date of injury, he observed Mr. Totten leaning on a box and inquired about his condition. He further stated that Mr. Totten indicated that he had not sustained a work-related injury. Mr. Coon then stated that Mr. Totten received training during which he was instructed to report all work-related injuries; however, Mr. Totten did not report sustaining a work-related injury.

On November 24, 2014, Mr. Patterson gave a recorded statement to Mr. Jones. Mr. Patterson stated that on the alleged date of injury, he was working alongside Mr. Totten. He further stated that Mr. Totten informed him that he did not feel well and believed that he may be suffering from kidney stones. Mr. Patterson then stated that Mr. Totten was not performing any type of heavy physical activity on the alleged date of injury. Finally, Mr. Patterson stated that Mr. Totten left his worksite during the middle of his scheduled shift without reporting the absence to a supervisor.

Also on November 24, 2014, Mr. Totten gave a recorded statement to Mr. Jones. Mr. Totten stated that he injured his lower back on October 24, 2014, while maneuvering a large sack filled with product. He further stated that although he was not initially certain that he sustained an injury and felt that he may have been suffering from kidney stones, he immediately reported that he was experiencing discomfort in his lower back to Mr. Patterson. Additionally, Mr. Totten indicated that on the alleged date of injury, he reported the incident to his supervisor. He then

2

indicated that he left his place of employment to seek medical care once his pain level became intolerable, although he was unable to locate a supervisor to report his departure. Finally, Mr. Totten indicated that upon seeking medical treatment, he was diagnosed with a lumbosacral sprain, which was attributed to a prior motor vehicle accident. The claims administrator rejected Mr. Totten's claim for workers' compensation benefits on November 25, 2014.

On April 8, 2015, Mr. Totten was deposed. He once again stated that he immediately reported the alleged injury to Mr. Patterson, and also alleged that he reported the alleged injury to Mr. Shockey shortly thereafter. He also testified that he notified Mr. Coon at the time of his departure from the worksite that he was leaving to seek medical treatment. On July 17, 2015, Mr. Coon, Mr. Shockey, and Mr. Patterson all authored affidavits in which they reiterated the information relayed in their recorded statements.

In its Order modifying the November 25, 2014, claims administrator's decision, the Office of Judges held that there is insufficient factual and medical evidence to substantiate Mr. Totten's claim that he sustained a work-related injury on October 24, 2014. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 22, 2016. On appeal, Mr. Totten asserts that the evidence of record clearly demonstrates that he sustained a lumbosacral sprain in the course of and resulting from his employment on October 24, 2014.

The Office of Judges found that when comparing the assertions made by Mr. Totten with those of his fellow employees, it is clear that the record is filled with contradictory statements. Specifically, the Office of Judges found that Mr. Totten's supervisor, Mr. Shockey, noted that he appeared unwell at the beginning of the workday. The Office of Judges further found that Mr. Totten did not perform strenuous labor on the alleged date of injury. Additionally, the Office of Judges found that Mr. Totten did not complete an accident report on the alleged date of injury, did not complete a workers' compensation application on the alleged date of injury, and did not inform his supervisor that he was leaving his workplace before the end of his scheduled workday on the alleged date of injury, despite Mr. Totten's assertions to the contrary. Further, the Office of Judges noted that when completing the Report of Injury several days after the alleged date of injury, Mr. Totten's healthcare provider made reference to a motor vehicle accident that occurred in December of 2013 when describing the circumstances surrounding the injury. Finally, the Office of Judges found that none of Mr. Totten's coworkers indicated that he mentioned sustaining a work-related injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker